<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

December 15, 2025

Nicholas R. Doria
Law Offices of Nicholas R. Doria, P.C.
21 Main Street
Suite 151
Hackensack, NJ 07601
*Counsel for Plaintiff*

Nicholas M. Gaunce
Eckert Seamans Cherin & Mellott, LLC
2000 Lenox Drive
Suite 203
Lawrenceville, NJ 08648
*Counsel for Defendants*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

**Re:**   *Sigma Solutions, Inc. v. CreditEd Inc. et al.*, Civ. No. 25-1360 (SDW) (MAH)

Counsel:

     Before this Court is Defendants CreditEd, Inc. ("CreditEd"), Smart Choice for You, Inc. ("Smart Choice"), and John and Jane Does 1-5's (collectively "Defendants") Motion to Dismiss (D.E. 22 ("Motion")) Plaintiff Sigma Solutions, Inc.'s ("Sigma") Complaint (D.E. 1 ("Compl."))[1], pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Jurisdiction is proper pursuant to 28 U.S.C. § 1332.  Venue is proper pursuant to 28 U.S.C. § 1391.  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons set forth herein, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's request for leave to amend the Complaint is **DENIED**.

    **I.**    <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

---

[1] Citations to "D.E." refer to the docket entries for the parties' motion papers, including briefs and the documents attached to and referenced therein.

This action arises from a business investment dispute that grew out of a long-term personal relationship between Sigma's Chief Executive Officer, Karen Ballinger, and a "representative of Defendants."[2] (Compl. ¶¶ 19–20; D.E. 24-1 at 10.) Sigma is a "payday loans" business that offers short-term online loans to customers. (*Id.* ¶ 4.) Defendant CreditEd is a paid subscription service that provides credit and debt counseling. (*Id.* ¶ 6.)

In March 2020, Sigma, through Ballinger and Marcus Bamberg, its Principal Owner, sought more client leads in the United States and partnered with CreditEd, which runs a "software as a service model for payday loan processors." (*Id.* ¶¶ 19–20.) Defendants' representative ("the Representative") leveraged his long-term personal relationship with Ballinger to facilitate this partnership, and the parties agreed to create a new corporate entity, Smart Choice. (*Id.* ¶¶ 20–21.) Sigma agreed to invest $680,000 in CreditEd to facilitate the deal, which according to Plaintiff, included $260,000 in direct cash investments, salaries for Sigma's officers, and other funds improperly used by Defendants. (*Id.* ¶ 22.) Ballinger and Bamberg expected to become joint 100% owners of Smart Choice. (*Id.* ¶ 23.)

In April 2020, the Representative informed Sigma that the bank accounts for Smart Choice could not be opened quickly due to delays caused by the COVID-19 pandemic and suggested that the funds could be processed through CreditEd in the meantime. (*Id.* ¶ 25.) The parties agreed that CreditEd would act as a "middleman" and generate revenue for the Sigma portfolio using Sigma's capital. (*Id.* ¶ 26.) Throughout the rest of the year, Sigma invested hundreds of thousands of dollars into CreditEd, including payday loans, a $260,000 advance in the Sigma/CreditEd portfolio, and additional funds for marketing, overhead, and payroll expenses for all customers in the portfolio. (*Id.* ¶¶ 34–35.)

After the Representative informed Ballinger that CreditEd's monthly income of $54,000 would be enough to pay the salaries of the Representative's business partners, Sigma also paid those expenses, only to later discover that CreditEd was never that profitable. (*Id.* ¶¶ 31, 33.) Additionally, the Representative, who initially agreed to take a salary of $1,000 per week, took a $5,000 weekly salary which later increased to $7,000, while Ballinger and Bamberg forwent their salaries from February through April 2022 to reduce business expenses. (*Id.* ¶¶ 38–40.) Due to these misrepresentations about CreditEd's income and expenditures, Sigma accrued over $100,000 in debt. (*Id.* ¶ 37.) According to Plaintiff, Defendants have misappropriated an additional $2,991,500 from October 2022 through May 2024. (*Id.* ¶ 42.)

On February 20, 2025, Plaintiff filed an eight-count Complaint against Defendants, alleging counts for dissolution (Count I), equitable accounting (Count II), breach of the fiduciary duty (Count III), negligence (Count IV), fraud in the inducement (Count V), the imposition of a constructive trust (Count VI), injunctive relief (Count VII) and punitive damages (Count VIII).[3]

---

[2] In its Opposition Brief, Plaintiff names John Milnes as the representative of Defendants.
[3] This Court issued an opinion in an earlier-filed case, *Sigma Solutions, Inc. v. CreditEd, Inc.*, No. 22-5831, 2023 WL 4418629 (D.N.J. July 10, 2023), involving the same underlying facts and virtually identical claims to those in the present Complaint. The earlier case was dismissed for lack of subject-matter jurisdiction due to non-diverse individual parties, who have been removed from the instant case. *Id.* at 3.

(*See generally id.*)  On June 6, 2025, Defendants moved to dismiss the Complaint, and timely briefing ensued.  (*See generally* D.E. 22, 24, 25.)  Plaintiff concedes that all counts except Count V, which alleges fraud in the inducement, can be dismissed for failure to state a claim.  (D.E. 24-1 ("Opp. Br.") at 1).  Thus, this Court will grant the Motion to Dismiss on Counts I through IV and VI through VIII and proceed only regarding Count V on the merits.

## II.     LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether allegations are plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichik*, 605 F.3d 223, 229 (3d Cir. 2010).  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

## III.    DISCUSSION

Defendants seek to dismiss the one remaining claim against them:  fraud in the inducement (Count V).  Plaintiff argues that Defendants, particularly John Milnes,[4] who Plaintiff names in its Opposition Brief but not in the Complaint, misrepresented CreditEd's financial circumstances to induce Plaintiff to invest into the company. (Compl. ¶¶ 13, 37; D.E. 24-1 at 10–11.)  Plaintiff further contends that considering the similarity of payday functions between CreditEd and Sigma and the long-standing personal relationship between Ballinger and the Representative, Plaintiff reasonably relied on Defendants' misrepresentations to its detriment.  (D.E. 24-1 at 11.)  Lastly, Plaintiff argues that the fraud claim has been "modified" by its Opposition Brief, and if this Court dismissed the claim, that it should be given leave to amend the Complaint to allege an oral contract. (*Id.*)  Defendants assert that:  (1) Count V must be dismissed for failing to plead with particularity as required by Rule 9(b) and (2) Plaintiff's request to amend the Complaint to allege an oral contract should be denied because Plaintiff has failed to provide any additional facts supporting

---

[4] Milnes was a Defendant in the earlier-filed case but cannot be added as a Defendant in this case, as it would destroy the diversity jurisdiction required for federal subject matter jurisdiction.

3

the proposed amendment or demonstrate that an amendment would not be futile.  (D.E. 25 at 5–9.)

### A. Count V – Fraud in the Inducement

Rule 9(b) places a heightened standard of review on allegations of fraud, requiring a plaintiff to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  A plaintiff may satisfy Rule 9(b)'s particularity requirement by pleading the "precise allegations of date, place, or time" of the alleged fraud or by other means of "injecting precision and . . . substantiation into their allegations of fraud."  *Bd. of Trs. of Teamsters Loc. 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 172 n.10 (3d Cir. 2002) (quoting *Naporano Iron & Metal Co. v. Am. Crane Corp.*, 79 F. Supp. 2d 494, 511 (D.N.J. 1999)).  This standard generally requires a description of the "who, what, when, where and how" of the alleged fraud.  *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997)).

Under New Jersey law, the standard for establishing common law fraud and fraudulent inducement is the same.  *Kare Distrib., Inc. v. Jam Labels & Cards LLC*, No. 09-969, 2009 WL 3297555, at *4 (D.N.J. Oct. 9, 2009).  Fraud requires "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages."  *Id.* (quoting *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 260 (N.J. 2005)).

Here, Plaintiff has failed to plead any specific allegations which would demonstrate the "who, what, when, where and how" of the alleged fraud.  Though Plaintiff contends that Defendants misrepresented CreditEd's finances to induce Plaintiff to invest, the Complaint does not specify who made the misrepresentation at issue here, only claiming that the unnamed Representative of the Defendants leveraged their personal relationship with Ballinger to make this misrepresentation.  (Compl. ¶¶ 13, 16.)  The Complaint is also unclear as to when and where the alleged misrepresentation was made and lacks specific facts regarding its substance, simply concluding that Defendants misrepresented CreditEd's financial circumstances.  (*Id.* ¶ 37.)  Further, the Complaint does not explain how Plaintiff came to believe that the misrepresentation is false and why Plaintiff's reliance on it was reasonable, aside from Ballinger's personal relationship with the Representative.  To this end, Plaintiff does not elaborate on the nature of this personal relationship or the identity of the Representative.  Additionally, Plaintiff cannot modify this claim through its Opposition Brief—amending the Complaint in this manner is impermissible.  *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).  As such, Plaintiff's fraud in the inducement claim must fail and Defendants' Motion is granted.

### B. Plaintiff's Request for Leave to Amend to Allege an Oral Contract

Leave to amend may be denied for "futility of amendment." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile if the amended complaint would not survive a motion to dismiss under the Rule 12(b)(6) standard. *See Martinez v. Safariland, LLC*, No. 21-12028, 2022 WL 3593893, at *2 (D.N.J. Aug. 22, 2022). Here, Plaintiff suggests in its Opposition Brief that it should be granted leave to amend the Complaint to allege an oral contract should this Court dismiss the remaining fraud claim. (D.E. 24-1 at 11.) In making this request, Plaintiff does not provide any facts to support this proposed amendment nor does it make a proper motion to amend. In addition, considering that the agreement at issue was between Ballinger, who is not a named Plaintiff, and an unnamed Representative of Defendants, amending the Complaint to allege an oral contract would not cure the Rule 9(b) particularity deficiency explained above. The amended Complaint would likewise fail to state a claim upon which relief could be granted, and thus, would be futile. As such, Plaintiff's request for leave to amend the Complaint is denied.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED WITH PREJUDICE** on Counts I, II, III, IV, VI, VII, VIII and **GRANTED WITHOUT PREJUDICE** on Count V. Plaintiff's Request for Leave to Amend the Complaint to allege an oral contract is **DENIED**. An appropriate order follows.

                                                            /s/ Susan D. Wigenton
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties
           Michael A. Hammer, U.S.M.J.